REQUESTED BY: Dayle E. Williamson, Director Natural Resource Commission
We have reviewed all the documents supplied by your office with regard to your question of whether the MoPac railroad right-of-way is railbanked or abandoned. That information, along with information secured through the Department of Roads, leaves us to the conclusion that the MoPac railroad made all the proper and legal moves to cause an abandonment of their right-of-way.
In reviewing the National Trail System Act, and the amendments of 1983 codified at 16 U.S.C. § 1241, we note that Congress reserved the right to itself to designate scenic and historic trails and delegate to the Secretaries of the Interior and Agriculture the authority to designate the recreational trails and to develop and administer the entire trails system. Section 1247(d) of the Act provides that those legal governments, state or federal authorities, who have acquired such property under 16 U.S.C. § 1246(e) shall have the opportunity to use and preserve such rail rights-of-way that the Commission has approved for abandonment for public recreation purposes and for future rail use.
The Missouri Pacific Railroad Company, under 49 U.S.C. § 10903, filed a Petition for abandonment of approximately 25.4 miles of rail line between Omaha and Lincoln, in Cass and Lancaster Counties. A certificate authorizing the abandonment was served on July 14, 1986, by the Commission, but was later found that it was not published in the Federal Register at the time of the decision, therefore, in order to afford interested parties an opportunity to submit offers of financial assistance, the certificate was vacated and a supplemental certificate was issued authorizing abandonment, if certain conditions were met within 10 days of publication in the Federal Register. This publication appeared in the 8/22/86 Federal Register, Vol. 51, No. 163. The language employed is as follows:
 The abandonment certificate will become effective 30 days after this publication unless the Commission also finds that: (1) A financially responsible person has offered financial assistance (through subsidy or purchase) to enable the rail service to be continued, and (2) it is likely that the assistance would fully compensate the railroad.
 Any financial assistance offer must be filed with the Commission and the applicant no later than 10 days from publication of this Notice. The following notation shall be typed in bold face on the lower left-hand corner of the envelope containing the offer: "Rail Section, AB-OFA." Any offer previously made must be remade within this 10-day period.
It was determined that no such action, as set forth in the notice, was taken by any of the parties, therefore, the abandonment was concluded. The Nebraska Trails Council attempted to cause a stay of the effective date of the decision, which was denied by the Commission.
In March of 1986, the Nebraska Trails Council filed an affidavit to have this property railbanked and to be used as a recreational trail. A decision by the Commission found that the railroad was permitted to abandon subject to certain conditions, including that the Nebraska Trails Councils be notified and given 30 days to submit an appropriate Trails Act request. The Nebraska Trails Council's request, as filed, was rejected by the Interstate Commerce Commission, and the railroad was abandoned. The appealed ruling to the United States Court of Appeals was given a stay for a short period of time, and then was denied by the Court and the stay was removed.
With regard to abandonment, all of these activities before the Commission and before the United States Court of Appeals reflect that a proper examination was given by all the parties. A formal abandonment has occurred because of the actions taken by the respective parties.
You should also consider the issue of funding on specific segments on the trail. For example, funds under the Intermodal Surface Transportation Efficiency Act (ISTEA) have been administered by the Nebraska Department of Roads. Even though the segment to which the Department of Roads has applied federal funds is not a part of the area that is under the Lower Platte South NRD affected area, the Game and Parks Commission funds are involved. Where any federal funds are involved, if such be the case, certain approvals must be met in order for any changes to the "project" can be made by the NRD.
If a Program Agreement by NRD is made with the Game and Parks Commission regarding federal funds, prior approval of project change would apply. This means that where federal funds are involved, the federal government must be consulted by the State agency, the Game and Parks Commission, and its approval of project change must be secured prior to any changes of the present alignment. For an agency not to consult with the proper federal authority, could mean the loss of federal funds or the repayment of said funds that are in said segment of the trail area. It is recommended that the NRD ensure that all the federal agencies, if such be the case, be contacted and their acceptance is given to relocate this line.
One other area that must be considered is the county road that will be inundated by the project. This means that the NRD and the county will be placed into a situation of competing public interests. The NRD, on its own, cannot inundate a public highway without the concurrence of the local county.
Therefore, it is concluded that abandonment is not the issue in this particular case, since all of the proper areas of the law have been addressed by the parties to secure an abandonment.
Sincerely,
 DON STENBERG Attorney General
 Gary R. Welch Assistant Attorney General
Approved by: DON STENBERG
Attorney General